IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CARPENTER GROUP INC.,
A Florida Corporation,

      Plaintiff,

vs.

ACCELERANT SPECIALTY INSURANCE COMPANY,
a Foreign Corporation,

      Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff CARPENTER GROUP INC., (hereinafter "PLAINTIFF"), and files this COMPLAINT against Defendant ACCELERANT SPECIALTY INSURANCE COMPANY (hereinafter "ACCELERANT" or "DEFENDANT") alleging as follows:

### Jurisdiction, Parties, and Venue

1. This action is within the jurisdiction of this Court pursuant to 28 U.S.C.§ 1332 as it involves citizens of different States and seeks damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. The events, acts, and circumstances giving rise to this action occurred in Palm Beach, County, Florida and venue is proper within this District.

3. Plaintiff is a Florida Corporation with its principal place of business in Palm Beach County and owner of a 2001 65′ Viking, which has its home port in Palm Beach County, Florida.

4. At all times relevant hereto, Defendant ACCELERANT SPECIALTY INSURANCE COMPANY is a Foreign Surplus Lines Insurance Company which is eligible to issue insurance in the State of Florida and which engaged in business operations in the state of Florida within the Southern District and particularly within Miami Dade, Broward and Palm Beach Counties. These activities include the issuance of insurance for vessels including the vessel owned by Plaintiff. Defendant's principal place of business is Little Rock Arkansas. It has no principal place of business in Florida.

5. This Court has specific jurisdiction over Defendants pursuant to § 48.193(1)(a)(1)10 because the claims in this action arise from Defendants' operating, conducting, engaging in, or carrying on a business venture in Florida. Specifically the Defendant has obtained authorization from the state of Florida to issue insurance policies in Florida and engages in the business of insurance including the issuance of polices and adjustment and payment of claims with Florida insured's and property in Florida for the purpose of thereby realizing pecuniary benefit

6. The policy was issued to Plaintiff in Palm Beach County.

7. This lawsuit stems from activities by the Defendant in Palm Beach County Florida including the breach of contract in Palm Beach County.

8. The amount in controversy is in excess of $810,000.00 excluding interest, cost and attorney fees.

**General Facts Common to All Causes of Action.**

9. At all times relevant, Plaintiff was the owner of 2001 65′ Viking motor yacht (hereinafter referred to as the Vessel).

10. On or about August 16, 2022, Defendant issues a Temporary Binder of insurance (Exhibit A) providing Hull and Liability insurance for the Vessel. The period of cover under the policy was August 22, 2022, 00.01 LST through August 22, 2023, 00.01 LST.  The Sum insured was $790,000.00 USD for Hull coverage, $15,000 for Tender (Dingy), and $5,000.00 USD for personal property.  The Policy also provided $1,000,000.00 USD Third Party Liability coverage.

11. The Policy provided coverage for accidental physical loss of or damage to the Scheduled Vessel which occurs during the cover period.  This is an all-risk policy.

12. The Policy does not exclude fire as a covered cause of loss for the Vessel.

13. The vessel was purchased by Plaintiff on August 25, 2022, one day before the fire.  The Plaintiff took possession of the vessel at approximately 12:00 pm August 25, 2022.

14. The next day on August 26, 2022, it caught fire while being transported to the Plaintiff's dock resulting in a constructive total loss of the vessel.

15. Plaintiff promptly notified the Defendant of the loss.

16. On August 31, 2022, Plaintiff was contacted by a representative of the Defendant assigned to handle the claim on behalf of the Defendant.

17. Plaintiff complied with all requests for information from the representative and was advised on September 15, 2022, that Defendant's fire investigator had inspected the wreck and that no further documents were required from the Plaintiff pending review of the fire investigator's findings.

18. Plaintiff received no response from the Defendant regarding acceptance of the claim since September 15, 2022.

19. No reservation of rights was issued by Defendant.

20. Plaintiff submitted a Notice of Tender of Abandonment and Sworn Proof of Loss on October 2, 2022 (Exhibit B).

21. Defendant has failed to make payment or accept the tender of abandonment within 30 days of receipt of same.

22. Defendant has not accepted coverage.

23. Defendant has not responded in any manner.

24. All conditions precedent to the commencement of this action have been satisfied or waived.

## COUNT 1 BREACH OF CONTRACT

25. Plaintiff incorporates by reference and realleges the allegations contained in paragraphs 1-22 with the full force and effect as if specifically set forth herein.

26. The policy of Temporary Binder of coverage issued by Defendant incorporates the Private and Pleasure Yacht Insuring Agreement (SYP/22/PPO).

27. The Private and Pleasure Yacht Insuring Agreement (SYP/22/PPO) states that Defendants will "provide coverage for accidental physical loss of or damage to the Scheduled Vessel" occurring during the coverage period.

28. The 2001 65′ Viking was a Scheduled Vessel under the policy which sustained a constructive total loss from fire during the coverage period.

29. The loss was fortuitous in nature and is covered per the terms of the policy binder issued to Plaintiff.

30. In addition to the total loss of the vessel the Plaintiff sustained loss of personal property and the Tender (Dingy) which are a covered loss of the property.

31. As a result of the covered loss under the policy, Plaintiff also sustained salvage charges and sue and labor, preservation and disposal costs which are covered losses under the policy.

32. The Plaintiff submitted a claim payment of its losses in accordance with the terms of the policy and has complied with all requests of the Defendant with respect to the claim.

33. The Plaintiff has fulfilled its obligations under the policy entitling it to payment for its losses.

34. The Defendant has failed to tender payment for the covered losses and costs.

35. Defendant is in breach of its obligations under the policy its contract of insurance by failing to indemnify the Plaintiff for its losses including loss of the vessel, Tender (Dingy), and personal property.

36. As a result of the Defendant's failure to tender payment for the covered loss under the policy, the Plaintiff has sustained and continues to suffer damages including direct, consequential and incidental damages, carrying and storage charges and attendant fees and costs in the maintenance of this action.

Wherefore, Plaintiff seeks entry of judgment against the Defendant for the insured value of its vessel, its covered Tender (Dingy), personal property loss, salvage, sue and labor costs, preservation and disposal costs and attendant expenses as well as other direct, consequential and incidental damages as may be proper together with an award of prejudgment and post judgment interest including attorney fees as allowed by law.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*By:/s Christopher R. Fertig*
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
chris.fertig@fertig.com
FERTIG & GRAMLING
200 S.E. 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412