UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

**CARPENTER GROUP INC.**,

        Plaintiff,

    v.                                    Case. No. 0:22-cv-62067-PAB

**ACCELERANT SPECLIATY INSURANCE COMPANY**,

        Defendant.

_____

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

COMES NOW the Defendant, ACCELERANT SPECIALTY INSURANCE COMPANY (hereinafter "ACCELERANT"), by and through its undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rules 7.1 and 56.1 of the Local Rules of the United States District Court for the Southern District of Florida, file this its Motion for Summary Judgment, and further thereto would respectfully state as follows:

1. Defendant seeks summary judgment on the Plaintiff's sole cause of action, Breach of Contract, and on the Defendant's Fourth Cause of Action in the Amended Counterclaim for Declaratory Judgment contending that Plaintiff CARPENTER GROUP INC. (hereinafter "CARPENTER") was in breach of Temporary Binder CSRYP/21666's Letter of Survey Recommendations Compliance Warranty (hereinafter "the LOC Warranty") at the time of the August 26, 2022 incident, rendering all coverage under Temporary Binder No. CSRYP/21666 void from inception. It is ACCELERANT's position that a ruling by this Court that the Plaintiff's breach of the LOC warranty renders the Temporary Binder void from inception and is thus a complete defense to coverage.

1

**MEMORANDUM OF LAW**

The Defendant in the instant action is a foreign surplus lines marine insurance company which agreed to issue a Temporary Binder of marine insurance on a vessel which for insurance purposes was described as a 2001 65' Viking motor vessel named "TALK N' TRASH" (hereinafter "the Vessel"). The Temporary Binder provides $790,000 in Hull & Machinery coverage on the Vessel for a one-year period incepting on August 22, 2022, subject to the terms and provisions stated therein.

The instant action is one in which the Plaintiff has commenced a breach of contract action against the Defendant following a denial of coverage for an incident on August 26, 2022, in which the Vessel caught fire while being transported to CARPENTER's dock, resulting in a constructive total loss (hereinafter "the incident.") In response, ACCELERANT asserted a counterclaim for declaratory relief, seeking this Court's ruling that the Temporary Binder afforded no coverage for the incident based on, *inter alia*, various breaches of warranty. Specifically for the purposes of this motion, the Temporary Binder contains a clear and unambiguous express warranty providing that all survey recommendations would be completed prior to any loss giving rise to a claim thereunder, and furthermore it states that any breach of warranty voids the insuring agreement from inception.

As part of applying for a policy of marine insurance, CARPENTER had submitted just such a survey to ACCELERANT, performed by Allied Marine Consultants, Inc. on August 9th and 10th (hereinafter "the Survey Report," a true and correct copy of which is filed as Exhibit 2 to the *Defendant's Statement of Material Facts*). The Survey Report included no less than eighty (80) separate recommendations, including, five (5) Category "A: First Priority/Safety And Compliance Deficiencies" and twenty-seven (27) Category "B: Second Priority/Findings Needing Timely Attention," as well as forty-eight (48) Category "C: Surveyor's General Findings and

Observations." However, following ACCELERANT's investigation into the incident, it was determined that in fact none of the recommendations contained in the Survey Report had been completed prior to the incident, and the Plaintiff has admitted to the fact that none of the recommendations had been addressed, much less completed, at the time of the Incident. (*Defendant's Statement of Material Facts*, at ¶11). As such, Defendant is seeking Summary Judgment based upon material facts not in dispute establishing that the Plaintiff was in breach of the LOC Warranty, and that there can be no coverage under the Temporary Binder as a result.

LEGAL ARGUMENT<br>
I. SUMMARY JUDGMENT IS PROPER HERE<br>
SINCE NO MATERIAL FACTS REMAIN IN DISPUTE

Summary judgment is appropriate where there is no genuine issue or dispute remaining as to the material facts in a case. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In addition, the federal maritime law recognizes the particularly appropriate nature of summary judgment in resolving marine insurance coverage questions. *See, e.g., The Home Insurance Company v. Vernon Holdings,* 1995 A.M.C. 369 (S.D. Fla. 1994); *Port Lynch, Inc. v. New England Int'l Assur. Of America,* 754 F.Supp. 816 (W.D. Wash. 1991). *See also, Talat Enterprises, Inc. v. Aetna Life & Cas. Co*., 952 F.Supp. 773, 776 (M.D. Fla. 1996) ("the interpretation of an insurance contract question is a question of law which may be determined on summary judgment.")

An issue of law is said to be "material" if it is something that might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986). A material fact is understood to be "genuine" only "if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Id*., at 261, n. 2.

In opposing the motion for summary judgment filed by ACCELERANT herein, it is incumbent upon the Plaintiff to submit competent evidence which would be sufficient to satisfy

3

that exact same standard of proof that would be required of it at trial, which would take place only if summary judgment is denied. *See Anderson.* It is not sufficient to merely contend that some issues are unproven, or that unimportant differences or immaterial issues might arguably remain still unresolved. *Id. See also, Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997).

As is clear from the Statement of Material Facts submitted in support of ACCELERANT's motion for summary judgment, there can be no dispute remaining with respect to any critical factor. No material fact remains in dispute: the Temporary Binder contains an explicit warranty requiring that all survey recommendations be completed prior to any loss, and the Plaintiff has admitted that it did not complete even one of the eighty (80) recommendations contained in the Survey Report. Caselaw in this district makes it abundantly clear that, in such a situation, the federal district court presented with a summary judgment motion involving a policy of marine insurance may resolve the dispositive issue of the breach of an explicit warranty under a similar New York choice of law clause. *See e.g.*, *Clear Spring Prop. & Cas. Co. v. Big Toys LLC*, No. 22-CV-21926, 2023 WL 4637095, at *7 (S.D. Fla. July 20, 2023); *Great Lakes Ins. SE v. Lassiter*, No. 21-21452-CIV, 2022 WL 1288741, at *11 (S.D. Fla. Apr. 29, 2022); *Clear Spring Prop. & Cas. Co. v. Viking Power LLC*, 608 F. Supp. 3d 1220, 1226 (S.D. Fla. 2022); *Great Lakes Ins. SE v. Sunset Watersports, Inc.*, No. 20-CIV-61629-WPD, 2021 WL 5933708, at *11 (S.D. Fla. Nov. 8, 2021). ACCELERANT therefore respectfully submits that the issues before the Court and its entitlement to summary judgment could not be clearer.

## II. CHOICE OF LAW

As a dispute arising under a maritime insurance contract, this case "fall[s] within the admiralty jurisdiction of the federal courts," so it is "governed by maritime law." *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019). This is no less true when the marine

insurance contract at issue is a temporary binder rather than a final policy. *See Great Lakes Ins. SE v. Aarvik*, No. 18-CV-60705, 2019 WL 201258, at *3 (S.D. Fla. Jan. 15, 2019) (applying federal maritime choice of law rules to a dispute over coverage under a temporary binder). However, when no "judicially established federal admiralty rule" resolves the issue at hand, federal courts "rely on state law when addressing questions of maritime insurance." *Id.* (quoting *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 314 (1955)). There is no judicially established federal admiralty law governing the effect of a breach of survey compliance warranty. *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 996 F.3d 1161, 1169 (11th Cir. 2021) (recognizing that only navigational limits and seaworthiness warranties are governed by a federal maritime rule of law). Thus, the Court must look to state law to fill in the gap of federal maritime law. *Shackleford*, 945 F.3d at 1139.

Under federal maritime choice of law rules, a choice of law clause in a marine insurance contract is considered presumptively valid and enforceable, unless the chosen state has no "substantial relationship" to the parties or transaction, or the chosen state's law conflicts with the fundamental purposes of federal maritime law. *Lassiter*, 2022 WL 1288741, at *6 (citing *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F. Supp. 2d 1244, 1257 (S.D. Fla. 2010)). Although the Eleventh Circuit has not had the opportunity to explicitly addressed under what circumstances a choice of law clause is to be enforced, it has looked to the Fifth Circuit's analysis as to whether enforcing the provision "would be unreasonable or unjust." *Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F. 4th 1346, 1354 (11th Cir. 2022) (quoting *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 244 (5th Cir. 2009)).

The Temporary Binder contains the following choice of law clause:

> **It is hereby agreed that any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement,**

5

> **shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, in subject to the substantive laws of the State of New York.**

(ECF No. 1-2, at 19) (emphasis in original).

ACCELERANT has "substantial connections" to the State of New York: 1) pursuant to the terms of the Temporary Binder, ACCELERANT's agent for service of process is Rubin, Fiorella, Friedman & Mercante LLP in New York, 2) ACCELERANT and its parent company, Accelerant US Holdings, LLC, have an office in New York, and 3) ACCELERANT's US Associate General Counsel is based in New York, 4) Rivington (underwriting agent for ACCELERANT) issued the Temporary Binder on behalf of ACCELERANT, and Rivington's headquarters is in New York, 5) ACCELERANT maintains its loss fund account with JP Morgan in New York, and 6) ACCELERANT is an eligible surplus lines insurer in New York. (*See Defendant's Statement of Material Facts*, ¶¶'s 12-18). Similar, and indeed lesser, connections have been found to be more than enough to demonstrate a "substantial connection" to the state of New York sufficient to enforce a choice of law clause. *See, e.g., Big Toys LLC*, at *7; *Lassiter*, at *6; *Rosin*, at 1250–51.

Nor could there be any argument that the application of New York law would be "unreasonable or unjust." *See Lassiter*, at *7 (discussing the choice of law test under admiralty law). It is anticipated that counsel for CARPENTER will argue in opposition to the instant motion that the Temporary Binder's choice of law clause should not apply in this case because it is supposedly contrary to the public policy of the state of Florida, which generally (though not always, as discussed below) requires a causal connection between a breach of warranty in a policy of marine insurance and the loss in order to deny coverage. *See* Fla. Stat. § 627.409(2) ("A breach or violation by the insured of a warranty… of a wet marine… insurance policy… does not void

the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.") The Court should not allow itself to be misled by such arguments, were they to be made. Also referred to as Florida's "anti-technical statute," this law simply does not apply in this case because Florida has "carved out an exception to section 627.409(2) for surplus lines insurers," such as ACCELERANT. *Lassiter*, at \*8 (citing Fla. Stat. § 626.913(4) ("[T]he provisions of chapter 627 do not apply to surplus lines insurance authorized under [sections] 626.913–626.937, the Surplus Lines Law.")). All parties agree that ACCELERANT is a foreign surplus lines insurer. (*See Defendant's Statement of Material Facts*, at ¶12). Thus, there can be no argument that application of New York's strict or literal compliance rule would be contrary to the public policy of Florida, which specifically exempts surplus lines insurers from having to demonstrate a causal connection between the warranty breach and the loss per 627.409(2). *Lassiter*, 2022 WL 1288741, at \*9 ("Given this shared policy, the Court rejects Lassiter's argument that application of New York law would conflict with a fundamental policy of Florida.") In light of ACCELERANT's undeniable connections to New York, the Temporary Binder's choice of law clause is valid and enforceable.

### III. THE TEMPORARY BINDER IS VOID FROM INCEPTION DUE TO THE PLAINTIFF'S BREACH OF THE LOC WARRANTY

There can be no genuine dispute that the Plaintiff was in breach of the LOC Warranty at the time of the Incident. Despite the Survey Report containing a total of eighty (80) different recommendations, including five (5) Category "A: First Priority/Safety And Compliance Deficiencies" and twenty-seven (27) Category "B: Second Priority/Findings Needing Timely Attention," as well as forty-eight (48) Category "C: Surveyor's General Findings and Observations," none of them had been completed prior to the Incident. Even those recommendations which the Survey Report explicitly stated related to vessel safety, as well as

7

recommendations to investigate and repair a possible fuel leak – which the Survey Report expressly noted was a "fire hazard" – had not been completed.

The Plaintiff's undeniable breach of the LOC warranty means that coverage under the Temporary Binder is void *ab initio*, without any requirement that ACCELERANT demonstrate a causal connection between the incident and the Plaintiff's failure to complete the Survey Report recommendations, because, under New York State law, breach of a warranty in a marine insurance policy constitutes an absolute bar to coverage – notwithstanding that the loss was not caused by the breach, as discussed more fully below.

New York law requires that express warranties "be literally complied with, and ... noncompliance forbids recovery, regardless of whether the omission had a causal relation to the loss." *Big Toys LLC*, 2023 WL 4637095, at *4 (quoting *Rosin*, 757 F. Supp. 2d at 1257). Accordingly, under New York law, a breach of the LOC warranty would render the Temporary Binder void from inception. *Lassiter*, 2022 WL 1288741, at *11 (holding "New York law… requires strict construction and compliance with maritime insurance warranties regardless of a breach's materiality.")

A similar set of circumstances occurred in the case of *Great Lakes Ins. SE v. Chartered Yachts Miami LLC*, where the insurer brought a declaratory judgment action alleging, *inter alia*, breach of the marine insurance policy's nearly identical LOC warranty following an incident where the insured vessel took on water. No. 20-25046-CV, 2023 WL 5625729 (S.D. Fla. June 7, 2023). Just like in the present case, the insurer's post-incident investigation determined that the insured had failed to complete all of the recommendations contained in the pre-insurance survey, including those related to vessel safety. *Id.*, at *9. On the insurer's motion for summary judgment, the district court held that there was no genuine dispute of material fact concerning the insured's failure to

complete just one of the pre-insurance survey recommendations, specifically, the recommendation to have one of the vessel's life rafts inspected and tagged. *Id*. Given the fact that this recommendation was incomplete, the court held that the Insured had breached the LOC warranty and that the policy of marine insurance was void as a result. *Id*. The same holding should result here where the Insured has admitted that not just one, but all of the eighty (80) recommendations contained in the Survey Report were not completed prior to the Incident.

### IV. THE PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT MUST FAIL WHERE THE TEMPORARY BINDER IS VOID FROM INCEPTION

Because the Temporary binder is rendered void *ab initio* by the Plaintiff's breach of the LOC warranty, any claim by the Plaintiff that ACCELERANT breached the contract must fail as a result. *See, e.g, Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1352 (11th Cir. 2022) ("[a]fter determining that the Policy did not cover [the insured]'s claim, the district court dismissed [the insured]'s counterclaim for breach of covenant of good faith and fair dealing"); *Great Lakes Reinsurance (UK) PLC v. Unplugged, LLC*, No. 617CV2027ORL22DCI, 2019 WL 13267109, at *7 (M.D. Fla. Oct. 24, 2019) (holding that "[b]ecause the Insured's counterclaim for breach of contract [wa]s based on the failure of [the insurer] to pay under the Policy…, and the Court finds that the Insured's loss was not covered…, the Insured's counterclaim is denied as moot.")

It is anticipated that the Plaintiff will argue that ACCELERANT breached the terms of the Temporary Binder per Florida law. Although Florida law is not applicable to this matter per the Temporary Binder's choice of law clause, as discussed above, it should be noted that the result would be the same even under Florida law. *See Gulfstream Park Racing Ass'n, Inc. v. Tampa Bay Downs, Inc.*, 479 F.3d 1310, 1312 (11th Cir. 2007) (holding, per Florida law, that "breach of contract cannot be maintained when the contract… breached was void *ab initio*") (quoting *Thomas v. Ratiner*, 462 So.2d 1157, 1159 (Fla. 3d DCA 1985)).

9

As such, ACCELERANT seeks this Court's grant of summary judgment that Plaintiff's claim for breach of contract must be dismissed or deemed moot as result of the Plaintiff's breach of warranty.

## CONCLUSION

WHEREFORE, ACCELERANT SPECIALTY INSURANCE COMPANY requests that the Court grant summary judgment in its favor as to the Plaintiff's sole cause of action for breach of contract and on ACCELERANT's Fourth Counterclaim for Breach of the LOC Warranty in holding that the Temporary Binder is void *ab initio*, and to award any and all such further relief as it may deem just and proper in the premises.

Dated: November 15, 2023
Fort Lauderdale, Florida

    THE GOLDMAN MARITIME LAW GROUP
    *Attorneys for Defendant*
    401 East Las Olas Boulevard
    Suite 1400
    Fort Lauderdale, FL 33301
    Tel (954)356-0460
    Fax (954)832-0878
    Cel (617)784-1100

    By: /s/ Steven E. Goldman
    STEVEN E. GOLDMAN
    FLA. BAR. NO. 345210

    By: /s/ Jacqueline L. Goldman
    JACQUELINE L. GOLDMAN
    FLA. BAR. NO. 1005573

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
chris.fertig@fertig.com
DARLENE M. LIDONDICI, ESQ.
Florida Bar No.: 516521
dml@fertig.com
FERTIG & GRAMLING
200 S.E. 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412

THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Defendant*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954)356-0460
Fax (954)832-0878
Cel (617)784-1100

By: /s/ Steven E. Goldman
STEVEN E. GOLDMAN
FLA. BAR. NO. 345210

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573